On Rehearing
The City of Miami Beach adopted an ordinance zoning the City into what it elected to term "Use Districts and Area Districts." The lands of the Firestone estate involved in this litigation fell in Use District R-AA limited to single family residences only. The lands adjacent to these lands on the South fell in Area District 15, known as a multiple family district and could be used for all family purposes, including hotels and apartment houses. The lands were purchased when the city was young, a large residence and other buildings were constructed thereon and for years it was used as a Country Estate but on account of changed condition it was no longer practical to use it for the original purpose. The owners now desire to dispose of it to the best advantage.
Appellee as trustee of the Firestone estate instituted this suit, alleging in its bill of complaint that the ordinance is unreasonable, *Page 688 
arbitrary and confiscatory and prayed that the defendant be enjoined from interfering with the rental of rooms and apartments in the buildings now located on the property or the construction of hotel and apartment houses thereon. At final hearing on bill and answer the chancellor found the ordinance to be arbitrary, unreasonable, oppressive, discriminatory, confiscatory and void as applied to complainant. The defendant prosecuted this appeal.
The controlling question for determination is whether or not the chancellor committed error in adjudicating the ordinance to be arbitrary, unreasonable and void.
When the case was before us initially the proposition that got the ear of the Court was the insistence by appellant that the ordinance was presumptively valid, that if fairly debatable the action of the city in passing it should be upheld and the Court should not substitute its judgment for that of the City Council. An opinion based on this theory was prepared by Mr. Justice Thomas and was agreed to by a majority of the Court. I was one of those subscribing to this opinion, but on thorough review of the case on petition for rehearing, I am convinced that our judgment was erroneous. When, as here, the constitutional rights of the citizen are assaulted, I do not think the Court can in the manner shown bypass its duty to adjudicate them. Most assuredly is this true when the assault is shown to have merit.
The lands in question lie between the Atlantic Ocean and what is known locally as Collins Avenue, the main thoroughfare through the city, they are 8.13 acres in area and, as heretofore pointed out, are bounded on the South by an area zoned for hotels and apartment houses which have in fact been constructed up to and adjoining the Firestone lands. The ordinance in question was adopted in December 1930, the population of the city is now six times what it was then, and many other changes have taken place. Before the institution of this suit, the city made a finding that the general welfare did not require the lands to be used exclusively for single family residences, but on the other hand, they should be acquired by the city and developed for ocean park purposes. Both the Master and the Chancellor found that the zoning restrictions had reduced the value of the lands of complainants by three-fourths, that as zoned for the uses indicated by the ordinance, they were worth $400,000 but if permitted to be used for apartment houses and hotels, as were the lands adjoining them, they had a value of $1,750,000. The evidence shows conclusively that the lands are more valuable for hotel and apartment houses than any other purpose.
Zoning restrictions, like other phases of the law are subject to change or removal when the reason for them ceases. When they run afoul of the public welfare appears to be a good test to direct their removal. The public welfare is a concept that broadens with changing times and circumstances and it now embraces many species of regulations that the courts of yesterday would not have brought within its range. There must be a positive showing of physical, economic or social change rather than esthetic or group caprice to justify the release of zoning regulations. They will not be released at the behest of community or group pressure, if in doing so, constitutional guaranties are undermined. The ordinance in question had been in effect fourteen years, during which time numerous physical, economic and social changes in the locus had taken place. Not a single property owner in the City is shown to be hurt by removing the zoning restrictions as to the lands of appellee, yet if they are not removed they will cost appellee more than one million dollars. There is no showing that the zoning plan of the city will be jeopardized or materially affected by removal. Under such circumstances they amount to confiscation.
The chancellor's decree squares with the rule announced in the preceding paragraph. *Page 689 
The general subject involved was discussed in Osius v. Barton,109 Fla. 556, 147 So. 862, 88 A.L.R. 394; Ford v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642; Barton v. Moline Properties,121 Fla. 683, 164 So. 551, 103 A.L.R. 725; Ehinger v. State ex rel. Gottesman, 147 Fla. 129, 2 So.2d 357. The decree appealed from is affirmed on authority of these cases.
Affirmed.
CHAPMAN and HOBSON, JJ., and BARNS, Associate Justice concur.
ADAMS, C.J., and THOMAS and SEBRING, JJ., dissent. *Page 690